UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 75.80.103.134,<br><br>                Defendant. | Case No.: 3:21-cv-00148-GPC-KSC<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>[Doc. No. 3] |

Before the Court is plaintiff Strike 3 Holdings, LLC's ("plaintiff") Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. Doc. No. 3. For the reasons stated below, plaintiff's application is **GRANTED**.

### I. BACKGROUND

On January 26, 2021, plaintiff filed a Complaint against defendant John Doe subscriber assigned IP address 75.80.103.134 ("defendant"), asserting a single claim for copyright infringement. *See* Doc. No. 1. Plaintiff alleges it "owns the intellectual property to the *Blacked*, *Blacked Raw, Tushy*, and *Vixen* adult brands (the 'Brands'), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos." Doc. No. 3-2 at 4; Doc. No. 1 at ¶¶2, 47. Plaintiff alleges that defendant, using IP address 75.80.103.134, wrongly infringed

plaintiff's copyrights by copying and distributing the constituent elements of plaintiff's copyrighted works using the BitTorrent protocol without plaintiff's authorization, permission or consent. Doc. No. 1 at ¶¶19-46.

Plaintiff seeks the Court's leave to serve a subpoena pursuant to Fed. R. Civ. P. 45 on defendant's internet service provider ("ISP"), Spectrum, to learn defendant's identity. Doc. No. 3-1 at 7. Plaintiff asserts that "[w]ithout this information," it cannot serve defendant, "nor pursue this lawsuit and protect its copyrights." *Id.* at 8.

## II.   LEGAL STANDARDS

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts permit early discovery "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating [a] request for expedited discovery").

The Ninth Circuit has held that when the defendant's identity is unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citations omitted). "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing," the plaintiff must show "that an act giving rise to civil liability actually occurred," and that the requested discovery is aimed at identifying the person who committed the act. *Id.* at 579-80.

## III. DISCUSSION

District Courts apply a three-factor test when considering motions for early discovery to identify the defendant. *Id.* at 578-80. First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the movant must describe "all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff should establish that its suit against the defendant could withstand a motion to dismiss. *Id*

### A. **Identification of Missing Parties with Sufficient Specificity**

A plaintiff can satisfy its burden of identifying the missing party with specificity by "identify[ing] the unique IP addresses" of the allegedly infringing individuals and then "us[ing] geolocation technology to trace these IP addresses to a point of origin." *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011). Here, plaintiff determined that Spectrum provided the subject IP address associated with defendant and used geolocation technology to trace the IP address to an address located within this District. *See* Doc. No. 3-1 at 12; Doc. No. 3-2 at 26, 29. Plaintiff confirmed the information before filing its Complaint and again before filing the instant *ex parte* application. Doc. No. 3-2 at 29. The Court finds plaintiff has "sufficiently shown" that defendant is a "real person[] likely residing in California who may be sued in this Court." *Pink Lotus*, 2011 WL 2470986, at *3.

### B. **Previous Attempts to Locate Defendant**

Next, plaintiff must identify all previous steps taken to identify the Doe defendant in a good faith effort to locate and serve it. *See Columbia Ins. Co.*, 185 F.R.D. at 579. According to plaintiff, it "has been unable to identify any other way to go about obtaining the identities of its infringers." Doc. No. 3-1 at 14. This is the case because although publicly available data allowed plaintiff to identify the specific ISP used by defendant as well as the city associated with the IP address, it did not permit plaintiff to ascertain the

identity of the subscriber or actual defendant. *Id.* Plaintiff has also consulted with forensic and cybersecurity experts. *Id.* Accordingly, the Court finds that plaintiff has made a good-faith effort to identify and locate defendant before filing the instant applications. *See Strike 3 Holdings, LLC v. Doe*, No. 20-cv-00068-BAS-JLB, 2020 WL 1029011, at *4 (S.D. Cal. Mar. 3, 2020).

## C.     Ability to Withstand a Motion to Dismiss

Plaintiff's Complaint alleges a single cause of action against defendant for direct copyright infringement. *See* Doc. No. 1 at ¶¶49-54. Plaintiff alleges it "owns the intellectual property to the *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen* adult brands, including the copyrights to each of the motion pictures distributed through the brands' sites and the trademarks to each of the brand names and logos." Doc. No. 3-2 at 4; Doc. No. 1 at ¶¶2, 47. Plaintiff further alleges that defendant, using IP address 75.80.103.134, infringed plaintiff's copyrights by copying and distributing the constituent elements of plaintiff's copyrighted works, *Blacked, Blacked Raw, Tushy* and *Vixen*, using the BitTorrent protocol without plaintiff's authorization, permission or consent. Doc. No. 1 at ¶¶19-46, 51-54. The Court finds plaintiff has alleged a *prima facie* case of direct copyright infringement against defendant that would likely withstand a motion to dismiss for failure to state a claim.

Plaintiff also bears the burden of establishing jurisdictional facts. *See Columbia Ins. Co.*, 185 F.R.D. at 578. Plaintiff, using geolocation technology, traced defendant's IP address to a point of origin within this District. Doc. No. 3-1 at 12; Doc. No. 3-2 at 29; Doc. No. 1 at ¶10. These facts are sufficient to show "that it is likely that the [d]efendant is located within the Southern District of California and is subject to the personal jurisdiction of the Court." *Criminal Prods., Inc. v. Doe,* No. 16-cv-02353-DMS-MDD, 2016 WL 6070355, at *3 (S.D. Cal. Oct. 17, 2016). The Court therefore finds plaintiff has alleged enough facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction.

///

For the same reason, venue appears proper. Civil actions for copyright infringement "may be instituted in the district in which defendant or his agent resides or may be found." 28 U.S.C.A. § 1400(1). A defendant is "found" for venue purposes where he is subject to personal jurisdiction. *Id.* (footnote omitted). Further, plaintiff alleges venue is proper because defendant allegedly committed the infringing acts complained of in this District. Doc. No. 1 at ¶12. The Court finds that the Complaint could likely withstand a motion to dismiss for improper venue.

Accordingly, the Court finds that plaintiff has adequately demonstrated that the Complaint can likely survive a motion to dismiss.

## ORDER

For the reasons set forth above, plaintiff's *Ex Parte* Application is **GRANTED**. It is hereby further **ORDERED** that:

1. Plaintiff may serve a subpoena pursuant to Fed. R. Civ. P. 45 upon Spectrum for the sole purpose of obtaining the *name and address only* of defendant John Doe, based on the IP address listed for him in the Complaint – 75.80.103.134. The subpoena shall **not** seek defendant's telephone number, email address, or Media Access Control (MAC) address, as this information is not necessary for plaintiff to identify and serve defendant.

2. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If Spectrum intends to move to quash the subpoena, it must do so prior to the return date of the subpoena. If a motion to quash or other customer challenge is brought, Spectrum must preserve the information sought by plaintiff pending resolution of the motion or challenge.

3. Spectrum shall have fourteen (14) calendar days after service of the subpoena upon it to notify its subscriber that his/her identity has been subpoenaed by plaintiff. The subscriber whose identity has been

subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge the disclosure to plaintiff by filing an appropriate pleading with this Court contesting the subpoena.

4. Plaintiff shall serve a copy of this Order with any subpoena served upon Spectrum pursuant to this Order. Spectrum, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

5. Plaintiff may use the information disclosed pursuant to the subpoena only in pursuing this litigation.

6. No other discovery is authorized at this time.

**IT IS SO ORDERED**.

Dated: March 16, 2021

Hon. Karen S. Crawford
United States Magistrate Judge